T. O. CREMIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9198.   Promulgated January 25, 1927.

*R. L. Slaughter, Esq.*, for the petitioner.
*R. A. Littleton, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income tax for the year 1920 in the amount of $1,447.06, and an overassessment of $1,570.89 for the year 1919.

### FINDINGS OF FACT.

The petitioner is an individual, residing at Tulsa, Okla.

During the years 1919 and 1920 the petitioner was a stockholder of the Eastern Torpedo Co., a corporation, and was also an officer of the company, at a salary of $10,000 per year. He was not, however, actually paid any salary for the year 1919 until January 1, 1920, at which time he was paid the entire amount of $10,000. The corporation, during the year 1919, had earned sufficient money to pay the petitioner's salary and the full amount thereof was available for that purpose in that year. The corporation, in its income and profits-tax return for the year 1919, claimed no deduction on account of salaries paid or accrued to its officers, and in fact did not actually pay or accrue any such salaries in that year. In the year 1919 the corporation paid the petitioner $4,500, which was due him as salary for the year 1918. In adjusting the tax liability of the corporation for the years 1916 to 1919, inclusive, the Commissioner, in the year 1925, permitted the corporation to rewrite its books upon what is known as the accrual basis, to file amended returns, and to accrue upon its books and to deduct from gross income for the year 1919

the amount of $10,000 paid to the petitioner on January 1, 1920, as salary for the year 1919.

In the year 1920 the Eastern Torpedo Co. was dissolved and its assets were distributed to its stockholders, of which the petitioner was one, as liquidating dividends. The corporation did not set up a reserve to take care of additional income and profits taxes that were subsequently, in the year 1925, found to be due for the years 1916 to 1919, inclusive, in the amount of $12,972.86. On the liquidation of the corporation, the petitioner received his pro rata share of the assets, and in the year 1925 he paid, on behalf of the dissolved corporation, his pro rata share, or $3,154.05, of the additional taxes for the years 1916 to 1919, inclusive. In his income-tax return for 1920 he included in his gross income the entire amount received by him as a liquidating dividend from the corporation.

OPINION.

MARQUETTE: The facts in this proceeding are identical with those in *E. F. Cremin* v. *Commissioner*, 5 B. T. A. 1164, decided this day, except in that proceeding there was also involved the question of the amounts of deductions for depreciation of oil-well drilling equipment that should be allowed to certain partnerships of which E. F. Cremin was a member. Upon the authority of our decision in *E. F. Cremin* v. *Commissioner*, we hold (1) that we have no jurisdiction of this proceeding in so far as it relates to the petitioner's tax liability for the year 1919; (2) that the amount of $10,000 paid to the petitioner on January 1, 1920, by the Eastern Torpedo Co., as salary for the year 1919, was income to him for the year 1920; and (3) that the amount included in the petitioner's income for the year 1920, as liquidating dividends received from the Eastern Torpedo Co., should be reduced by the amount of income and profits taxes that were subsequently paid by him for the company.

*Judgment will be entered on 15 days' notice,*
*under Rule 50.*